IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ELBERT MELTON, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:23-CV-583-RAH-KFP |
| | ) |
| HOUSTON CO., et al. | ) |
| | ) |
| Defendants. | ) |

## RECOMMENDATION OF MAGISTRATE JUDGE

Pro se Plaintiff Elbert Melton, Jr. filed a Complaint against Defendants Connie Brooks, Albert Lowe, Sheila Anita Rumph, Shana Ray, the Town of Gordon, Houston County, and Captain Bill Rafferty. Doc. 1. Melton appears to assert three state law claims: theft of property in the secondary degree pursuant to Ala. Code § 13A-8-4 for $1,700 against Raferty; intent to deprive the owner of said property in violation of Ala. Code § 13A-8-4 against Raferty; and a failure to pay Melton all his mayoral salary in November 2016 and January 2019 against the Town of Gordon.[1]

Brooks, Lowe, and Rumph filed a joint motion to drop them from this action or to dismiss Melton's claim. Doc. 29. Ray filed a motion to drop her from this action or for entry of judgment on the pleadings. Doc. 27. The Town of Gordon filed a motion to drop it from this action or to dismiss the complaint. Doc. 25. Houston County filed a motion to

---

[1] The Complaint does not cite the basis for this claim against the Town of Gordon. The Court construes this as an attempt to assert a violation of Ala. Code § 11-43-80(b) which governs the mayor's salary. *Id.* ("The mayor shall receive such salary as the council may prescribe, which must be fixed by the council not less than six months prior to each general municipal election.").

dismiss the complaint. Doc. 40. Melton filed a response to the Court's Order to Show Cause why Brooks, Lowe, Rumph, Ray, and the Town of Gordon's motions should not be granted. In his response, he asserted no basis for the claims but provided an explanation for waiting years to file this lawsuit. Doc. 37.[2]

Federal district courts are courts of limited jurisdiction and are authorized by the United States Constitution or by statute to hear only certain types of actions. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2012). Federal courts are obligated to inquire into subject matter jurisdiction *sua sponte* "at the earliest possible stage in the proceedings." *Univ. of S. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Rule 12(h)(3) of the Federal Rules of Civil Procedure requires dismissal if a court at any time determines that it lacks subject matter jurisdiction.

As noted above, all of Melton's claims are state law claims. Based on these claims, the Complaint does not raise a question of original federal question jurisdiction that extends to "all civil actions arising under the Constitution, laws, or treaties of the United States," as required by 28 U.S.C. § 1331.[3]

---

[2] The Court's recommendation of *sua sponte* dismissal of Melton's complaint moots Defendants' pending motions.

[3] Additionally, there is no basis to find diversity of citizenship under 28 U.S.C. § 1332(a)(1).

For these reasons, the undersigned RECOMMENDS that this case be dismissed due to lack of subject matter jurisdiction and DENIES as moot the pending motions (Docs. 25, 27, 29, and 40).[4]

Further, it is ORDERED that by **August 5, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *See* 11th Cir. R. 3-1.

---

[4] Because the Court recommends dismissal based on the dispositive issue of a lack of subject matter jurisdiction, the Court need not address Defendants' other arguments for dismissal, including statute of limitations bars. However, the Court notes that the complaint is devoid of factual allegations to support a plausible claim. *See* Fed. R. Civ. P., 8(a)(2) & (d)(1) (a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and each factual allegation should be "simple, concise, and direct."); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (To "'state a claim to relief that is plausible on its face[,]'" a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Done this 23rd day of July, 2024.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE